Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIE MAURY,

           Plaintiff,

-against-

KBC FOOD CORP. d/b/a C TOWN SUPERMARKET and
MF 389 EAST 89 LLC,

           Defendants.

Case No. 17CV3674

       Plaintiff, JULIE MAURY (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants KBC FOOD CORP. d/b/a C TOWN SUPERMARKET (the "Supermarket") and MF 389 EAST 89 LLC ("Landlord") (the Supermarket and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## NATURE OF THE CLAIMS

       l.      Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296 and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

2.	This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

5.	Plaintiff has Cerebral Palsy and uses a wheelchair for mobility.

6.	The Supermarket owns and operates a retail food establishment at the premises known and designated as 1721 First Avenue, New York, New York (the "Property").

7.	The Landlord is the owner of the Property.

8.	The Supermarket occupies the space at the Property pursuant to written agreement with the Landlord.

## FACTS

9.	Plaintiff lives near the Property and frequents the area where the Supermarket is located.

10.	Both the Supermarket and the Property are "public accommodations" within the meaning of the ADA (28 C.F.R. §36.104).

11.     Plaintiff has been a patron of the Supermarket for some time and she is resentful of the process she is required to follow to shop there, the last time prior to the filing of this complaint having been on or about May 3, 2017.

12.     To begin with, there is no cash register accessible to Plaintiff, so she sits in the area of the registers, blocking other customers (and listening to them complain) until either a patron offers to help her or one of the cashiers comes out from behind a register to assist her.

13.     Then, she must hand over her debit card and provide her PIN number to the cashier in order to complete her purchase as she is unable to access the payment mechanism.

14.     Finally, she is unable to utilize the exit door (not being able to get to the other side of the registers), which therefore requires her to move against the flow of customers and sit by the entrance door until one of the cashiers comes over and opens the door so she can leave.

15.     The failure of Defendants to remove the barriers to access complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who want to enjoy the goods and services offered by the Restaurant.

16.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of the ADA and its implementing regulations.

17.     Plaintiff looks forward to shopping at the Supermarket in the same fashion as non-disabled patrons when the barriers to her use and enjoyment of the facilities have been removed.

18.     The Defendants' failure to make their place of public accommodation accessible

denies Plaintiff the opportunity to participate in, or benefit from, services or accommodations on the basis of disability.

19.     Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     The 1991 ADA Standards for Accessible Design apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with revised standards, known as the 2010 ADA Standards for Accessible Design (hereinafter, the "Standards"), was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1992 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

21.     According to the records of the New York City Department of Buildings, the Property underwent a substantial alteration, which included the Supermarket, which was completed in 2006, the precise nature and scope being presently unknown.

22.     An inspection of the Supermarket revealed the following (statutory sections listed refer to the Standards, unless otherwise noted):

The Supermarket is located on First Avenue between 88 and 90th Streets. The entrance is a sliding glass door. This door must also be used by Plaintiff to exit, and when it is approached from the inside, it does not open. Instead, the Plaintiff must wait for a cashier to leave a register and come to release the door and open it for Plaintiff to leave. Once the Plaintiff completes her shopping, there is no way for her to approach the cash register to make her purchases. There are 5 check-out aisles, none of which are wheelchair accessible. In the store interior there are several check out aisles. They are each under 36 inches wide, with three being 24 inches wide and two 26 inches wide.

**The following violations of the Standards are presented:**

a) When the renovations took place, no accessible route from the sidewalk to primary function areas such as the check-out aisles and Supermarket exit were created, although it would not have been disproportionate to do so, in violation of Standards 202.4.

b) There is no accessible means of egress, in violation of Standards 207.

c) There is no accessible machine which Plaintiff may use to pay for her purchases, as the machines are located along aisles which are not wide enough for her wheelchair. Standards 403.5.1 requires a 36 inch minimum aisle for use by people in wheelchairs. Standards 227.2, 227.5 and 403

d) There is no accessible register which allows Plaintiff to move through a check-out aisle and exit through the exit door, which all other customers use, in violation of Standards 227, 904, 904.3 and 227.2.

e) There is no signage at any check out aisle which indicates it is accessible. (Standards 216, 703 and 216.11).

f) There is no accessible route which connects the entrance, exit and check out

5

aisles, in violation of Standards 206.2.2 and 206.2.4.

23. There are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Supermarket accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

24. The Defendants continue to deny Plaintiff, who wishes to enjoy the Supermarket's services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

25. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

26. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

27. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

d. Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

28. Defendants could have removed some of the illegal barriers at the Supermarket by making a checkout aisle wide enough to accommodate a wheelchair and providing an accessible means of egress which could be used independently by a patron in a wheelchair.

29. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

30. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

31. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

32. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

33. The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public

accommodation all because she is disabled.

34. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

35. The Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

36. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

37. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

38. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

39. Plaintiff has suffered damages in the amount of at least $1,000.00 (ONE THOUSAND DOLLARS) and the total amount shall be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

40. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

41. The Defendants have, and continue, to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages,

facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

42. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

43. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130.

44. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

45. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

46. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

47.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

48.     By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The unlawful profits plus interest must be disgorged.

49.     Plaintiff has suffered damages in the amount of at least $1,000.00 (ONE THOUSAND DOLLARS) and the total amount shall be determined at trial.

## INJUNCTIVE RELIEF

50.     Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws.

51.     Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

52.     Injunctive relief is also necessary to make the Supermarket readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws by compelling Defendants to make a checkout aisle wide enough to accommodate a wheelchair and provide an accessible means of egress which could be used independently by a patron in a wheelchair.

## DECLARATORY RELIEF

53.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

54. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation.

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the \Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $1,000.00 (ONE THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award punitive damages to Plaintiff for Defendants' violations of the Administrative Code of the City of New York in such amount as shall be determined at trial;

F. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

G.	Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

H.	For such other and further relief to which Plaintiff may be justly entitled.

Dated: May 15, 2017

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)